IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MALCOLM C. COPE, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **7:04-CV-133 (HL)** |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**RECOMMENDATION**

The plaintiff herein, who is proceeding *pro se*, filed an application for disability insurance benefits on April 19, 1996. The Social Security Administration denied the claim initially and on reconsideration, and plaintiff requested a hearing before an Administrative Law Judge, which was held on November 14, 1997; plaintiff waived his right to present testimony. The ALJ then entered an order denying plaintiff's claim on March 19, 1998, specifically finding that plaintiff was disabled, but the plaintiff was not entitled to benefits because the disability was materially affected by plaintiff's drug and alcohol abuse. Plaintiff sought review of that decision before the Social Security Appeals Council, which remanded the action for consideration of additional evidence regarding plaintiff's mental impairments and hand impairments. Plaintiff filed an application for Supplemental Security Income benefits on July 25, 2002. The ALJ held a hearing on March 10, 2004. The ALJ entered an order denying plaintiff's claim on April 20, 2004. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. §

405(g). All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve

months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of right hand impairment (mild) and schizoaffective disorder (heavily affected by alcohol/cocaine/marijuana abuse), but that he was not disabled as he could perform a wide range of work at the light exertional level.

Plaintiff, who is appearing *pro se*, filed a very sparse complaint, merely alleging that his condition has not changed and that he is requesting review of the decision. His brief in support of his complaint (doc. 9) is just that - brief. In it, plaintiff states that his arm and hand are not getting better, but are in fact becoming more deformed as time goes on, that he has had two surgeries to repair his arm and hand to no avail, and that he now has a diagnosis of Post Traumatic Stress Disorder. However, plaintiff has failed to file any documentation of his worsening condition, any medical care he has received since the ALJ's decision, or any new diagnosis of any medical or mental condition.

However, even if plaintiff had submitted additional documentation to support the statements made in his brief, new evidence does not necessarily lead to remand.

New evidence submitted to the Appeals Council subsequent to the ALJ's decision is part of the

administrative record. Keeton v. Dept. of Health and Human Services, 21 F.3d 1064 (11th Cir. 1994). The court may review this additional evidence to determine whether it warrants a remand. 42 U.S.C. § 405(g). To obtain a remand, however, the plaintiff must show that: 1) the evidence is new and noncumulative; 2) the evidence is material; and 3) there was good cause for failure to submit the evidence to the ALJ. Caulder v. Bowen, 791 F.2d 872, 879 (11th Cir. 1986). Material evidence is that which has a reasonable possibility of altering the ALJ's decision. Wright v. Heckler, 734 F.2d 696 (11th Cir. 1984).

"Congress plainly intended that remands for good cause should be few and far between...." Evangelista v. Secretary of Health and Human Services, 826 F.2d 136, 141 (1st Cir.1987). "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later- acquired disability or of the subsequent deterioration of the previously non- disabling condition." Szubak v. Secretary, 745 F.2d 831, 834 (3d Cir.1984) (cited for authority in Milano v. Bowen, 809 F.2d 763, 767 (11 th Cir.1987)). In Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir.1986)), the court reviewed the legislative history of the 1980 amendments which tightened the requirement for remand on the basis of new evidence and concluded that "Congress intended to preclude introduction of evidence pertaining to new impairments or worsening conditions". Caulder at 876.

It appears that any new evidence submitted described by plaintiff is not relevant to the time period considered by the ALJ and is therefore not material. The new evidence submitted may indicate a worsening of plaintiff's condition, a diagnosis of new impairments, but is not relevant to the time period before the ALJ and therefore is not material. The appropriate remedy when a claimant believes her condition has deteriorated subsequent to the ALJ's decision is to file a new

application.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 10th day of July, 2008.

//S Richard L. Hodge
RICHARD L. HODGE
msd                                                UNITED STATES MAGISTRATE JUDGE